| | |
|---|---|
| GUY SHIELDS, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action No. 16-cv-08724 (JBS-AMD) |
| CAMDEN COUNTY JAIL, | |
| Defendant. | **OPINION** |

APPEARANCES

Guy Shields, Plaintiff Pro Se
710 Chelton Avenue
Camden, NJ 08104

**SIMANDLE, District Judge:**

1.     Plaintiff Guy Shields seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Jail ("CCJ") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

2.     28 U.S.C. § 1915(e)(2) requires courts to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. Courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3.    For the reasons set forth below, the Court will: (1) dismiss the Complaint with prejudice as to claims made against CCJ; and (2) dismiss the Complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

## Claims Against CCJ: Dismissed With Prejudice

4.    Plaintiff brings this action pursuant to 42 U.S.C. § 1983[1] for alleged violations of Plaintiff's constitutional rights. In order to set forth a *prima facie* case under § 1983, a plaintiff must show: "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo,* 446 U.S. 635, 640 (1980)).

5.    Generally, for purposes of actions under § 1983, "[t]he term 'persons' includes local and state officers acting under color of state law." *Carver v. Foerster*, 102 F.3d 96, 99 (3d Cir. 1996) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)).[2] To

---

[1] Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

[2] "Person" is not strictly limited to individuals who are state and local government employees, however. For example, municipalities and other local government units, such as counties, also are considered "persons" for purposes of § 1983.

say that a person was "acting under color of state law" means that the defendant in a § 1983 action "exercised power [that the defendant] possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted). Generally, then, "a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50.

6. Because the Complaint has not sufficiently alleged that a "person" deprived Plaintiff of a federal right, the Complaint does not meet the standards necessary to set forth a *prima facie* case under § 1983. In the Complaint, Plaintiff seeks monetary damages from CCJ for allegedly unconstitutional conditions of confinement. The CCJ, however, is not a "person" within the meaning of § 1983; therefore, the claims against it must be dismissed with prejudice. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983). Given

---

*See Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

that the claims against the CCJ must be dismissed with prejudice, the claims may not proceed and Plaintiff may not name the CCJ as a defendant.

7.    Plaintiff may be able to amend the Complaint to name a person or persons who were personally involved in the alleged unconstitutional conditions of confinement, however. To that end, the Court shall grant Plaintiff leave to amend the Complaint within 30 days of the date of this order.

## Conditions Of Confinement Claims: Dismissed Without Prejudice

8.    Second, for the reasons set forth below, the Court will dismiss the Complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

9.    The present Complaint does not allege sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. Even accepting the statements in Plaintiff's Complaint as true for screening purposes only, there is not enough factual support for the Court to infer a constitutional violation has occurred.

10.    To survive *sua sponte* screening for failure to state a claim[3], the Complaint must allege "sufficient factual matter" to

---

[3] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule

4

show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

11.  A complaint must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

---

of Civil Procedure 12(b)(6)." *Samuels v. Health Dep't*, No. 16-1289, 2017 WL 26884, slip op. at *2 (D.N.J. Jan. 3, 2017) (citing *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

12.  However, with respect to the alleged facts giving rise to Plaintiff's claims, the present Complaint states in its entirety: "I was sleeping on the floor with no running water back up toilet for 6 days." Complaint § V.

13.  Plaintiff does not specify the date(s) or time(s) that these events occurred. *Id.* § III(B) (Blank).

14.  With respect to requested relief, Plaintiff seeks "the Court to grant me compensation in the amount of $2,000 or $2,500." *Id.* § V.

15.  Even construing the Complaint as seeking to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 for alleged prison overcrowding, any such purported claims must be dismissed because the Complaint does not set forth sufficient factual support for the Court to infer that a constitutional violation has occurred.

16.  The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542

(1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."). Some relevant factors are the length of the confinement(s), whether plaintiff was a pretrial detainee or convicted prisoner, any specific individuals who were involved in creating or failing to remedy the conditions of confinement, any other relevant facts regarding the conditions of confinement, etc.

17. Further, Plaintiff's claims regarding the lack of a working toilet ("Toilet claim"), also must be dismissed because the Complaint does not set forth sufficient factual support for the Court to infer that a constitutional violation has occurred.

18. Denial of the "minimal civilized measure of life's necessities," *Rhodes*, 452 U.S. at 347, which would include basic sanitary conditions, can be sufficient to state an actionable constitutional deprivation. However, the non-specific nature of Plaintiff's allegations as to his Toilet Claim does not provide a reasonably sufficient basis for this Court to infer that

sanitary conditions are, in fact, the type of violation from
which his Toilet Claim arises.

19.  Further, the Court cannot discern from Plaintiff's
non-specific reference to "no working toilet for 6 days"
(Complaint § V) the particular cause(s) of action Plaintiff
intends to pursue against any particular person as to this
alleged condition of confinement. For example, the Complaint is
silent regarding: whether the toilet at issue was the unit
inside Plaintiff's cell at CCCF or was part of the public
facility for the CCCF prison population generally; whether
alternate restroom facilities were made available to Plaintiff
to account for the non-operational unit of which he complains;
and the reason for the non-functioning nature of the toilet
referred to in the Complaint (*e.g.*, plumbing maintenance
schedule, plumbing malfunction, etc.) (*see Passmore v. Ianello*,
528 F. App'x 144, 149 (3d Cir. 2013) ("[C]ourts will generally
not interfere with prison administrative matters and will afford
significant deference to judgments of prison officials regarding
prison regulation and administration. *See, e.g., Jones v. N.
Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 126 (1977)
('Because the realities of running a penal institution are
complex and difficult, we have also recognized the wide-ranging
deference to be accorded the decisions of prison
administrators')").

20.  Furthermore, construing the Complaint – without deciding – to suggest that Plaintiff's Toilet Claim relates in some manner to sanitary conditions, such toilet condition "[may] no doubt [have been] unpleasant, [but] it does not pose an obvious health risk and consequently does not deprive [Plaintiff] the minimal civilized measures of life's necessities." *Carson v. Main*, No. 14-cv-7454, 2015 WL 18500193, at *4 (D.N.J. Apr. 15, 2015) (dismissing plaintiff's Fourteenth Amendment due process claim where neighboring cells shared plumbing pipes and required residents to flush their own toilet to dispose of the neighboring cell's waste). *Accord Junne v. Atlantic City Med. Ctr.*, No. 07-5262, 2008 WL 343557, at *10 (D.N.J. Feb. 4, 2008) (dismissing plaintiff's conditions of confinement claim where plaintiff alleged that the jail's lack of a private bathroom and his "need to use the toilet in the presence of a total stranger caused substantial embarrassment," because "plaintiff's embarrassment ensuing from having another person in the cell while plaintiff uses the toilet cannot qualify as a violation of plaintiff's constitutional rights"). "There is, of course, a *de minimus* level of imposition with which the Constitution is not concerned." *Bell*, 441 U.S. 539 n. 21. Plaintiff has failed to present facts demonstrating that the toilet condition here passed this threshold. He does not contend that the non-operational toilet was intended as punishment, or

that he suffered adversely from it. The Complaint has not alleged that Plaintiff developed physical injuries as a result of the condition.

21. Viewing the facts and the totality of the circumstances in the light most favorable to Plaintiff, the Complaint fails to set forth sufficient factual matter to show that the Toilet Claim is facially plausible. *Fowler*, 578 F.3d at 210. Since Plaintiff's claim asserting "no working toilet" (Complaint § III(C)) does not offer facts that are necessary to show that he was subjected to a genuine privation for an extended period, such allegations fail to state a claim and will be dismissed without prejudice, with leave to amend.

22. Plaintiff may be able to amend the Complaint to particularly identify adverse conditions that were caused by specific state actors, that caused Plaintiff to endure genuine privations and hardship over an extended period of time, and that were excessive in relation to their purposes. To that end, the Court shall grant Plaintiff leave to amend the Complaint within 30 days of the date of this order.[4]

23. Plaintiff is further advised that any amended complaint must plead specific facts regarding the conditions of confinement. In the event Plaintiff files an amended complaint,

---

[4] The amended complaint shall be subject to screening prior to service.

Plaintiff must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.[5]

24. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended

_____

[5] To the extent the Complaint seeks relief for conditions Plaintiff encountered prior to November 22, 2014, those claims are barred by the statute of limitations. Claims brought under § 1983 are governed by New Jersey's two-year limitations period for personal injury. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). The allegedly unconstitutional conditions of confinement would have been immediately apparent to Plaintiff; therefore, the statute of limitations on some of Plaintiff's claims expired two years after release from incarceration. In the event Plaintiff elects to file an amended complaint, it should be limited to confinements in which Plaintiff was released after November 22, 2014.

complaint may not adopt or repeat claims that have been

dismissed with prejudice by the Court.

25.  For the reasons stated above, the Complaint is: (a)

dismissed with prejudice as to the CCJ; and (b) dismissed

without prejudice for failure to state a claim.

26.  An appropriate order follows.


**September 19, 2017**            **s/ Jerome B. Simandle**
        Date                      JEROME B. SIMANDLE
                                  U.S. District Judge